UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOHN C. KNAUS,

     Plaintiff,

  v.             Case No. 10-C-502

TOWN OF LEDGEVIEW, *et al.*,

     Defendants.

---

**ORDER**

---

Plaintiff John Knaus, proceeding pro se, filed this action, which the Court construes as a complaint under 42 U.S.C. § 1983, as he alleges violations of his civil rights. Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring an action in federal court. 28 U.S.C. § 1914(a). Plaintiff, however, has requested leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915.

Section 1915 is meant to ensure indigent litigants meaningful access to federal courts. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). An indigent plaintiff may commence a federal court action, without paying required costs and fees, upon submission of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U .S.C. § 1915(a)(1). Plaintiff filed the required affidavit of indigence. Upon review of that affidavit, it appears that plaintiff could not pay the $350 filing fee.

Section 1915 also requires courts to "screen" complaints to ensure that indigent plaintiffs do not abuse the ability to bring cases without paying a filing fee. The court is required to dismiss the action if it determines that it is frivolous or malicious, fails to state a claim upon which relief

may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

2

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. Legal conclusions must be supported by factual allegations. *Id*. If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

In his complaint, Knaus alleges that he has received several letters from the Town of Ledgeview advising him of building code violations on his property. Although the violations are described, Knaus complains that the letters fail to identify by number the specific provisions of the Town's Building Code he is alleged to have violated. The letters threatened that he would be cited if he did not bring his property into compliance, and in fact he did receive four citations in May and June of 2009. The municipal judge, Defendant David Matyas, dismissed all four of the citations at trial, however, when Defendant Robert Gerbers, the Town Building Inspector, was unable to

3

identify the specific code sections that were violated. Knaus alleges that he suffered many sleepless nights as a result of the threatening letters and the trial.

Knaus also alleges that Judge Matyas later signed a special inspection warrant based on false statements submitted by Defendant Gerbers and his law firm. He alleges that on February 16, 2010, three Brown County officers, Defendant Gerbers, Defendant Mark Roberts, who is the Code Enforcement Officer for the Town, and Defendant David Hongisto, who is a building inspector for the City of DePere entered his home without his consent pursuant to the warrant and took pictures. Knaus claims that their conduct resulted in an invasion of his privacy, violation of his rights and enormous stress. Based on these allegations, Knaus wants the Defendants convicted and ordered to pay costs and punitive damages.

Defendant Matyas, as a municipal judge, is clearly immune from liability for damages for issuing an inspection warrant. "Absolute judicial immunity shields judicial and quasi-judicial actors from liability for civil damages arising out of the performance of their judicial functions." *Killinger v. Johnson*, 389 F.3d 765, 770 (7th Cir. 2004). Issuance of special inspection warrants is clearly within the scope of a municipal judge's duties. *See* Wis. Stat. §66.0119. Knaus' claim against him will therefore be dismissed.

As to the remaining Defendants, only Gerbers, Roberts and Hongisto are alleged to have taken any action affecting Knaus. Sending several letters, however, even if they threaten citations, does not amount to a violation of constitutional rights. At most, the allegations that these three defendants entered Knaus' home with an illegal warrant may be sufficient to state a claim. But Knaus has not supplied a copy of the warrant with his complaint, nor has he explained why the warrant is illegal. His conclusory assertion that it was illegal is not sufficient in light of *Iqbal.* The

4

same is true of his assertion that the warrant was based on false statements. He fails to identify the statements and explain what was false about them. Without more, I cannot find a plausible claim. Accordingly, Knaus will have thirty days from the date of this order to file an amended complaint setting forth the allegations needed to provide notice of his claims against the defendants. Failure to do so will result in dismissal of his lawsuit.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that plaintiff's request to proceed *in forma pauperis* is granted, meaning that the filing fee is waived.

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED** for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff may file an amended complaint within 30 days. Failure to file an amended complaint within this time period may result in dismissal of this action.

The plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See* Civil L.R. 15(a). If an amended complaint is received, it will be screened pursuant to 28 U.S.C. § 1915.

Dated this  24th  day of June, 2010.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

5