UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN C. KNAUS,

                    Plaintiff,

         v.                                                 Case No. 10-C-502

TOWN OF LEDGEVIEW, *et al.*,

                    Defendants.

**ORDER**

On June 24, 2010 this Court dismissed Plaintiff's claim for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). The Court allowed Plaintiff 30 days to file an amended complaint. On July 19, 2010 Plaintiff filed an amended complaint, which again fails to state a cognizable federal claim. Accordingly, his action will be dismissed.

In his amended complaint, Knaus again alleges that he has received several letters from the Town of Ledgeview advising him of building code violations on his property. Although the violations are described, Knaus complains that the letters fail to identify by number the specific provisions of the Town's Building Code he is alleged to have violated. The letters threatened that he would be cited if he did not bring his property into compliance, and in fact he did receive four citations in May and June of 2009. The municipal judge, Defendant David Matyas, dismissed all four of the citations at trial, however, when Defendant Robert Gerbers, the Town Building Inspector, was unable to identify the specific code sections that were violated.

Knaus also alleges that Judge Matyas later signed a special inspection warrant based on false statements submitted by Defendant Gerbers. He alleges that on February 16, 2010, three Brown County Sheriff Officers, Defendant Gerbers, Defendant Mark Roberts, who is the Code

Enforcement Officer for the Town, and Defendant David Hongisto, who is a building inspector for the City of DePere entered his home pursuant to the warrant and took pictures. A copy of the Special Inspection Warrant is attached to the Amended Complaint. Knaus also alleges that Gerbers and Roberts "would come on my property when I was not home and snoop around my house and property." (Compl. at 5.) Based on these allegations, Knaus seeks punitive damages of $25 million.

The Amended Complaint, like the original Complaint Knaus filed, fails to state a federal claim. Sending several letters, even if they threaten citations, does not amount to a violation of constitutional rights. Knaus's allegation that Gerbers and Roberts "would come on my property when I was not home and snoop around my house and property" is too vague and conclusory to support a claim. There is no indication that either entered Knaus' home, and walking around outside the curtilage does invade any interest protected by the Fourth Amendment. *See United States v. Dunn*, 480 U.S. 294, 300-01 (1987). More importantly, if Knaus was not home he has no basis for the bald assertion that Gerbers and Roberts would come on his property and snoop around.

Knaus' allegation that the search warrant was invalid is belied by the copy attached to his complaint. The Special Inspection Warrant was signed by DePere Municipal Judge David Matyas on January 20, 2010, and the facts set forth in the affidavit submitted by Inspector Gerbers are more than sufficient to justify its issuance. According to the affidavit, no occupancy permit had been issued for the premises; continued remodeling had been going on since 2000; several code violations were visible from the outside, including no siding, a defective entry step, boarded up windows, and a chimney code violation; and Knaus had continually refused entry for an inspection. Although Knaus alleges that some of the statements are false, what remains even after excluding those facts he contests is more than sufficient.

2

In *Camara v. Municipal Court of City and County of San Francisco* the Supreme Court

made clear that the showing needed for issuing a housing inspection warrant is not the same as what

must be shown when the warrant being sought is directed to evidence of a crime:

> Unlike the search pursuant to a criminal investigation, the inspection programs at issue here are aimed at securing city-wide compliance with minimum physical standards for private property. The primary governmental interest at stake is to prevent even the unintentional development of conditions which are hazardous to public health and safety. Because fires and epidemics may ravage large urban areas, because unsightly conditions adversely affect the economic values of neighboring structures, numerous courts have upheld the police power of municipalities to impose and enforce such minimum standards even upon existing structures. In determining whether a particular inspection is reasonable-and thus in determining whether there is probable cause to issue a warrant for that inspection-the need for the inspection must be weighed in terms of these reasonable goals of code enforcement.

387 U.S. 523, 535 (1967). Thus, probable cause for issuance of an inspection warrant will exist

even in the absence of evidence of a code violation in the specific residence to which entry is

sought. "Such standards, which will vary with the municipal program being enforced, may be based

upon the passage of time, the nature of the building (e.g., a multifamily apartment house), or the

condition of the entire area, but they will not necessarily depend upon specific knowledge of the

condition of the particular dwelling." *Id.* at 538. Here, it is clear that Building Inspector Gerbers'

affidavit was sufficient to meet this standard. The fact that specific citations to the applicable

building code were not included in the affidavit does make it invalid; nor does the fact that a proper

return was not made.

In sum, Knaus has failed to allege facts sufficient to state a claim for federal relief and the

action should be and hereby is dismissed.

**SO ORDERED** this___29th___ day of July, 2010.

> s/ William C. Griesbach
> William C. Griesbach
> United States District Judge

3